IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES C. BOWEN                                                          PLAINTIFF

vs.                                 Civil No. 2:10-cv-02108

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

James C. Bowen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed applications for DIB and SSI on July 15, 2008.  (Tr. 64, 122-144).  Plaintiff

alleged he was disabled due to a mental disability, mood disorder, and psychotic episodes. (Tr. 176).

Plaintiff alleged an onset date of September 1, 2005.  (Tr. 64, 124).  These applications were denied

initially and again on reconsideration.  (Tr. 56-59).  Thereafter, Plaintiff requested an administrative

hearing on his applications, and this hearing request was granted.  (Tr. 88-93).  Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

administrative hearing was held on July 21, 2009 in Clarksville, Arkansas. (Tr. 19-55). Plaintiff was present and was represented by counsel, Iva Gibbons, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.*

On October 28, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 64-74). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 66, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2005, his alleged onset date. (Tr. 66-67, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: generalized anxiety disorder (GAD), personality disorder, and ongoing polysubstance abuse and dependence. (Tr. 67-68, Finding 3). The ALJ also determined, however, Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 68-69, Finding 4). The ALJ determined Plaintiff was born on October 22, 1979 and was twenty-five (25) years old on his alleged onset date, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c) and 416.963(c) (2008). (Tr. 72, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 72, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 70-72, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant is a younger individual with a high school education. He has moderate

2

difficulties in maintaining social functioning and concentration, persistence, and pace.  He is moderately limited in the ability to understand, remember, and carry out detailed instructions, interact appropriately with supervisors, and respond appropriately to usual work situations and routine work changes.  Moderately limited mean there is more than a slight limitation, but the person can perform in a satisfactory manner.  He can do work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment.  Supervision required is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff had no PRW he could perform.  (Tr. 72, Finding 6).  The ALJ also found, however, that considering his RFC, age, education, and work experience, Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr. 72-73, Finding 10).  The ALJ based this finding upon the testimony of the VE.  *Id.*

Specifically, the VE testified that, given all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative (1) production and assembly occupations of which there are 7,535 such jobs in the regional economy and 424,145 in the nation; (2) machine operators and related occupations of which there are 3,570 such jobs in the state and 317,181 in the nation; and (3) motel maids of which there are 3,792 such jobs in the state and 431,391 in the nation.  *Id.*  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 1, 2005 through the date of his decision or through October 28, 2009.  (Tr. 73, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 7).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On July 23, 2010, Plaintiff filed the present appeal.  ECF No. 1. The Parties consented to the jurisdiction of this Court on August 24, 2010. ECF No. 5. Both Parties

3

have filed appeal briefs.  ECF Nos. 7-8.  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff claims the following: (1) the ALJ failed to properly develop the record; (2) the ALJ failed "to consider evidence which fairly detracted from his findings"; (3) the ALJ failed to follow the proper legal standards in evaluating his subjective complaints, medical records, and RFC; and (4) the ALJ failed to satisfy his Step Five burden of establishing he could perform other work.  ECF No. 7 at 7-17.  Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address the third issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. The ALJ stated he complied with the requirements of 20 C.F.R. §§ 404.1529 and 416.929 which largely mirror the *Polaski* factors, but instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely focused upon Plaintiff's medical records and noted that his subjective complaints were not consistent with the findings in his medical records. (Tr. 70-72).

Indeed, instead of evaluating the *Polaski* factors and stating inconsistences in the record, the ALJ merely stated the following regarding his review of Plaintiff's subjective complaints:

> In making this [RFC] finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

The ALJ then outlined the medical records and found Plaintiff's subjective complaints were not supported by the medical records. (Tr. 70-72). By discounting Plaintiff's subjective complaints merely because they were not supported by the medical evidence, the ALJ failed to comply with the requirements of *Polaski*. Because the ALJ's failed to follow the requirements of *Polaski,* this case must be reversed and remanded.[3]

## 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[3] This Court reverses and remands this case only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This Order should not be interpreted as requiring that Plaintiff be awarded disability benefits.

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 19th day of May, 2011.**

                                      /s/   Barry A. Bryant
                                      HON. BARRY A. BRYANT
                                      U.S. MAGISTRATE JUDGE